# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

ERNESTO MANUEL GONZALEZ, et al.,

Defendants.

Case No. 2:16-cr-00265-GMN-CWH

**ORDER**

This matter is before the court on defendants Coleman, Garcia, Halgat, Perez, Juarez, Davisson, Ramirez, Voll motions for joinders (ECF Nos. 793, 837, 875, 877, 886, 1053, 1055, 1079) submitted in support of defendant Gonzalez's motion to suppress (ECF No. 781), filed on September 26, 2018.

**I.   BACKGROUND**

This case arises from a superseding indictment naming defendant Gonzalez and 22 co-defendants in a number of charges stemming from their alleged involvement with the Vagos Outlaw Motorcycle Gang ("Vagos OMG"). (Superseding Indictment (ECF No. 13).) Gonzalez moves to suppress evidence obtained from a February 13, 2010 traffic stop that occurred in Santa Clara County California. (Mot. to Suppress (ECF No. 781).) Gonzalez argues that the warrantless search and seizure, interrogation and arrest were unlawful and in violation of his Fourth and Fifth Amendment rights. (*Id.*) Defendants Coleman, Garcia, Halgat, Perez, Juarez, Davisson, Ramirez, and Voll, all move to join Gonzelez's motion to suppress, arguing that they are similarly situated.

**II.   ANALYSIS**

An individual seeking to exclude evidence allegedly obtained in violation of the Fourth Amendment protections must have standing. *United States v. Pulliam*, 405 F.3d 782, 785-86 (9th Cir. 2005). The defendant bears the burden of demonstrating that his Fourth Amendment rights were violated by the unlawful search and seizure. *United States v. Caymen*, 404 F.3d 1196, 1199

(9th Cir. 2005). The protections of the Fourth Amendment may be invoked by a criminal defendant if he can demonstrate a "legitimate expectation of privacy in the place searched or of the item[s] seized." *United States v. Ziegler*, 474 F.3d 1184, 1189 (9th Cir. 2007). A defendant lacks standing when his expectation of privacy has not been infringed. *Pulliam*, 405 F.3d at 785-86. As a result, the exclusionary rule is unavailable to a defendant who lacks standing. *United States v. Thomas*, 447 F.3d 1191, 1199 n.9 (9th Cir. 2006).

Defendants Coleman, Garcia, Halgat, Perez, Juarez, Davisson, Ramirez, and Voll move to join Gonzalez's motion to suppress evidence obtained from a 2010 traffic stop, arguing that they are all similarly situated, and incorporate the underlying points and authorities. These defendants do not provide any evidence of how their reasonable expectation of privacy was infringed upon during the 2010 traffic stop. Given that these defendants do not provide the court with an individual legal basis of standing the court will deny the motions for joinder.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Defendants Coleman, Garcia, Halgat, Perez, Juarez, Davisson, Ramirez, and Voll's motions for joinder (ECF Nos. 793, 837, 875, 877, 886, 1053, 1055, 1079) are DENIED without prejudice.

DATED: November 29, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE