**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIEGO GARCIA, et al.,<br><br>Defendants. | Case No. 2:16-cr-00265-GMN-CWH<br><br>**REPORT AND RECOMMENDATION** |

Presently before the court is defendant Diego Garcia's motion to dismiss counts one, two, and three for violation of speedy trial rights (ECF No. 1032), filed on August 13, 2018. The government filed a response (ECF No. 1185) on September 27, 2018, and Garcia filed a reply (ECF No. 1294) on October 11, 2018.

Defendants Morales, Halgat, Perez, Coleman, Voll, Henderson, Juarez, and Davisson, move to join the motion to dismiss. (ECF Nos. 1061, 1063, 1067, 1075, 1079, 1081, 1090, 1111). Juarez and Coleman joined Garcia's reply. (ECF Nos. 1306, 1317).

**I.   BACKGROUND**

On September 23, 2011, members of various motorcycle clubs were in Sparks, Nevada for a motorcycle event. At the Nugget Hotel and Casino, a member of the Hells Angels, J.P., and members of the Vagos motorcycle clubs members argued, and J.P. was killed.

On June 14, 2017, a Superseding Criminal Indictment was filed charging defendant with Violent Crime in Aid of Racketeering - Murder, in violation of Title 18, United States Code, Section 1959(a)(1) (Count Two); and Using and Carrying a Firearm During and in Relation to a Crime of Violence, Causing Death, in violation of Title 18, United States Code, Sections 924(j)(1) and 2 (Count Three). (Superseding Indictment (ECF No. 13).) The charges arise from allegations that defendant and his twenty-two codefendants are members of the Vagos Outlaw Motorcycle Gang and engaged in a variety of criminal activity. (*Id.*)

Garcia moves to dismiss counts One, Two, and Three for violation of speedy trial rights guaranteed under the Fifth Amendment right to due process. He contends the extended delay between the time of the murder and his indictment violated due process.

The government responds that Garcia has only been charged with counts Two and Three, and his speedy trial rights have not been violated because the charges were brought within the applicable statute of limitations, and he has shown no intentional delay by the prosecution or argued any prejudice to the defense of the case. The government further argues it has been actively investigating the case, as is demonstrated by the indictment itself.

Garcia replies that he has suffered prejudice because the scene of the alleged murder has been modified and surveillance tapes are no longer available for Garcia's defense.

## II.    ANALYSIS

### A. Motion to Dismiss

Under Rule 12(b) of the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (*citing United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986)).

Statutes of limitation are the primary safeguard against pre-indictment prejudicial delay. *Betterman v. Montana*, 136 S. Ct. 1609, 1613 (2013). "Preindictment delay that results from negligence or worse may violate due process." *United States v. Ross*, 123 F3d 1181, 1185 (9th Cir. 1997). To succeed on his claim he was denied due process because of pre-indictment delay, a defendant must satisfy both prongs of a two-part test. "First, he must prove 'actual, nonspeculative prejudice from the delay.'" *United States v. De Jesus Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (citation omitted). "Second, the length of the delay is weighed against the reasons for the delay, and the delay must offend those 'fundamental conceptions of justice which lie at the base of our civil and political institutions.'" *Id.* (citation omitted). To show

actual prejudice, a defendant must provide more than unsubstantiated claims that delay caused memories to diminish, precluded discovery, or resulted in the loss of evidence. *Id.; see also United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995) ("Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice.").[1]

Here, the government argues, and the court is persuaded, that it has been actively investigating this case since 2011, as indicated by the dates of the various overt acts listed in the indictment, the last of which occurred two months before the filing of the Superseding Indictment. The case has been designated complex, and contains allegations against twenty-two defendants, which explains the delay. Garcia makes no argument that the delay in indicting him was intended to place him at a disadvantage, and the court finds that, under the circumstances, the delay was not unreasonable.

Garcia does not contend that the current prosecution violates the statute of limitations.[2] Instead, for the first time on reply, Garcia argues in support of his due process claim that he has been prejudiced by the passage of time because he believes the Nugget has destroyed all of the surveillance tapes that would have proven Garcia's innocence, and the Nugget has been remodeled, hindering Garcia's ability to recreate events on September 23, 2011. The court will not consider arguments made for the first time in reply because the government has not had the opportunity to respond. *See U.S. v. Gianelli*, 543 F.3d 1178, 1184 n.6 (9th Cir. 2008) (arguments raised for the first time on reply generally are considered waived). Even considering this argument, however, Garcia's due process claim fails. There is no claim of inadequate testimonial evidence to explain Garcia's role, if any, in the murder. Similarly, the subsequent remodeling of the Nugget does not prejudice Garcia from presenting his defense. To the contrary, Garcia notes there are numerous witnesses to the incident, and at least some surveillance videos, which can

---

[1] Generally, protection from lost testimony "falls solely within the ambit of the statute of limitations." *United States v. Sherlock*, 962 F.2d 1349, 1354 (9th Cir. 1989) (citations omitted).

[2] An indictment for any offense punishable by death may be found at any time without limitation. *See* 18 U.S.C. § 3281. Counts Two and Three are such offenses.

1  substitute for missing surveillance videos which Garcia claims may exist.  *See United States v.*
2  *Barken*, 412 F.3d 1131, 1135 (9th Cir. 2005) ("[W]here adequate substitutes exist for missing
3  non-testimonial evidence, prejudice does not exist.").

4  Accordingly, the court will recommend that Garcia's motion to dismiss be denied as to
5  Counts Two and Three.  Garcia is not charged with Count One, so the court also will recommend
6  that his motion to dismiss that charge be denied.

7  **B. Motions to Join**

8  Defendants Morales, Halgat, Perez, Coleman, Voll, Henderson, Juarez, and Davisson
9  move to join the motion to dismiss.  Although the co-defendants seeking joinder claim they are
10  "similarly situated," they fail to provide any further analysis, and so the court has little basis to
11  evaluate the motions.  *See Tatung Co., Ltd v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1151-52 (C.D.
12  Cal. 2016) (finding joinder should occur when a movant articulates how and why they are
13  similarly situated to the motion they seek to join such that filing an independent motion would be
14  redundant).

15  Regardless, defendants Morales and Perez are charged with counts Two and Three, and so
16  their motions to join are granted.

17  Defendants Halgat, Coleman, Voll, Henderson, Juarez, and Davisson are not charged with
18  courts Two and Three, and so their motions to join are denied.  Coleman and Juarez's motions to
19  join the reply similarly are denied.

20  **III.   CONCLUSION AND RECOMMENDATION**

21  IT IS THEREFORE RECOMMENDED that defendant Diego Garcia's motion to dismiss
22  counts 1, 2, and 3 for violation of speedy trial rights (ECF No. 1032) be DENIED.

23  IT IS ORDERED that defendants Halgat, Coleman, Voll, Henderson, Juarez, and
24  Davisson's motions to join the motion (ECF Nos. 1063, 1075, 1079, 1081, 1090, 1111) are
25  DENIED.

26  IT IS FURTHER ORDERED that defendants Morales and Perez's motions to join the
27  motion (ECF Nos. 1061, 1067) are GRANTED.

28

IT IS FURTHER ORDERED that defendants Juarez and Coleman's motions to join Garcia's reply (ECF Nos. 1306, 1317) are DENIED.

### IV.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 10, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE