# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00265-GMN-CWH |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| VICTOR ADAM RAMIREZ, | |
| Defendant. | |

Presently before the court is defendant Victor Adam Ramirez's Motion to Suppress Statements to Undercover Agent (ECF No. 1058), filed August 14, 2018, and the government's response (ECF No. 1189), filed September 27, 2018. Ramirez did not file a reply.

Defendants Perez, Voll, Henderson, Juarez, Davisson, and Coleman move to join the motion. (ECF Nos. 1068, 1079, 1082, 1091, 1095,[1] 1111, 1117.)

On June 14, 2017, a federal grand jury seated in the District of Nevada, returned a superseding criminal indictment charging Ramirez with Conspiracy to Participate in a Racketeering Enterprise, in violation of Title 18, United States Code, Section 1962(d), Kidnapping, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2, and Assault, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2. (Superseding Indictment (ECF No. 13).)

Ramirez moves to strike statements made on May 3, 2013 to undercover agent Brancato, who was acting as a Vagos member, because the statements were elicited from Ramirez through intimidation and imitation of a rogue Vagos "enforcer." The government responds that the motion should be denied because he failed to provide points and authorities in support of his

---

[1] Juarez filed two joinders, ECF Nos. 1091 and 1095.

motion, and because Ramirez was not entitled to *Miranda* warnings with an undercover officer because he was not in custody.

In his two-paragraph motion, Ramirez provides no analysis of the facts presented to allow the court to understand the legal basis for the argument that he is making to justify suppression of the statements. Nor does he identify the particular statements which are subject to suppression. And except for a footnote citing a non-precedential case, he provides no points and authorities to explain his request to be allowed to present an entrapment defense. Failure to provide points and authorities constitutes consent to denial of a motion. *See* LCR 47-3. Accordingly, the court will recommend that the motion be denied.

Defendants Perez, Voll, Henderson, Juarez, Davisson, and Coleman move to join the motion. Although the co-defendants seeking joinder claim they are "similarly situated," they fail to provide any further analysis. *See Tatung Co., Ltd v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1151-52 (C.D. Cal. 2016) (finding joinder should occur when a movant articulates how and why they are similarly situated to the motion they seek to join such that filing an independent motion would be redundant). None of these defendants explain whether they had any interaction with Brancato, what statements they made which should be suppressed, or why suppression is appropriate. Accordingly, their motions to join are denied.

IT IS THEREFORE ORDERED that defendants Perez, Voll, Henderson, Juarez, Davisson, and Coleman's motions for joinder (ECF Nos. 1068, 1079, 1082, 1091, 1095, 1111, 1117) are DENIED.

IT IS RECOMMENDED that Ramirez's Motion to Suppress Statements to Undercover Agent (ECF No. 1058) be DENIED.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

1  objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d
2  1153, 1157 (9th Cir. 1991).
3
4          DATED: December 18, 2018
5
6
7                                                              _____
                                                               C.W. HOFFMAN, JR.
8                                                              UNITED STATES MAGISTRATE JUDGE