**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:16-cr-00265-GMN-CWH-12 |
| vs. | **ORDER** |
| PAUL JEFFREY VOLL, | |
| Defendant. | |

Pending before the Court is Paul Jeffrey Voll's ("Defendant") Sealed Objection, (ECF No. 1517), to the Honorable Magistrate Judge Carl W. Hoffman's ("Judge Hoffman") Order, (ECF No. 1478). For the reasons discussed below, Defendant's Objection is **SUSTAINED in part** and **OVERRULED in part**.

**I.      BACKGROUND**

On January 15, 2019, the Court held a hearing on Defendant's Motion to Modify Conditions of Release, (ECF No. 1414). (Mins. of Proceedings, ECF No. 1443). During the hearing, the Court denied the motion and ordered Defendant to file an updated financial affidavit. (*Id.*). On January 22, 2019, Defendant filed an updated Financial Affidavit, (ECF No. 1455), in adherence with the Court's order. Judge Hoffman set a date for a canvassing hearing. (Min. Order, ECF No. 1460). Subsequently, the Government filed a Notice of Property Records, (ECF Nos. 1468, 1469), relating to Defendant.

On February 7, 2019, Judge Hoffman held a canvassing hearing, and determined that Defendant is not eligible for CJA appointed counsel. (*See* Mins. of Proceedings, ECF No. 1478). More specifically, Judge Hoffman found that Defendant "now possesses financial resources sufficient to retain counsel and to bear the costs of that representation, accordingly, it is ordered that Mr. Voll shall assume and pay the costs of all future representation." (*Id.*).

Judge Hoffman advised Defendant that if he wished to continue to have Joshua Tomsheck, Esq. as his counsel, Defendant would have to reimburse the United States Treasury for the cost of that representation at the Criminal Justice Panel rate, and upon a payment schedule to be determined by the Court. (*Id.*). Subsequently, Defendant filed the instant Objection.

**II.     LEGAL STANDARD**

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14–cv–00224–RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). A district judge may affirm, reverse, or modify, in whole or in part, a magistrate judge's order, as well as remand with instructions. LR IB 3-1(b).

**III.     DISCUSSION**

Defendant objects to Judge Hoffman's Order arguing that he "is unable to retain counsel for this matter and should be entitled to the appointment of CJA counsel." (Obj. 2:26–28, ECF No. 1517). Defendant submits that in addition to paying the expenses of his family, he has numerous costly expenses related to the operation and maintenance of his solo legal practice. (*Id.* 4:11–13). Further, Defendant indicates that he "has a negative net worth and barely makes a positive net income at the conclusion of each month." (*Id.* 4:14–17).

The Criminal Justice Act (CJA) provides that courts many "furnish [ ] representation for any person financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a); *In re Smith*, 586 F.3d 1169, 1171–72 (9th Cir. 2009). Representation includes "counsel and

Judge Hoffman advised Defendant that if he wished to continue to have Joshua Tomsheck, Esq. as his counsel, Defendant would have to reimburse the United States Treasury for the cost of that representation at the Criminal Justice Panel rate, and upon a payment schedule to be determined by the Court. (*Id.*). Subsequently, Defendant filed the instant Objection.

**II.     LEGAL STANDARD**

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14–cv–00224–RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). A district judge may affirm, reverse, or modify, in whole or in part, a magistrate judge's order, as well as remand with instructions. LR IB 3-1(b).

**III.     DISCUSSION**

Defendant objects to Judge Hoffman's Order arguing that he "is unable to retain counsel for this matter and should be entitled to the appointment of CJA counsel." (Obj. 2:26–28, ECF No. 1517). Defendant submits that in addition to paying the expenses of his family, he has numerous costly expenses related to the operation and maintenance of his solo legal practice. (*Id.* 4:11–13). Further, Defendant indicates that he "has a negative net worth and barely makes a positive net income at the conclusion of each month." (*Id.* 4:14–17).

The Criminal Justice Act (CJA) provides that courts many "furnish [ ] representation for any person financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a); *In re Smith*, 586 F.3d 1169, 1171–72 (9th Cir. 2009). Representation includes "counsel and

investigative, expert, and other services necessary for adequate representation." 18 U.S.C. § 3006A(a). Pursuant to the CJA guidelines,[1] "[a] person is financially unable to obtain counsel within the meaning of 18 U.S.C. § 3006A(b) if the person's net financial resources and income are insufficient to obtain qualified counsel." § 210.40.30(a) (Standards of Eligibility) (internal quotation marks omitted). "In determining whether such insufficiency exists, consideration should be given to[ ] the cost of providing the person and his dependents with the necessities of life." § 210.40.30(a)(1). "Any doubts as to a person's eligibility should be resolved in the person's favor." § 210.40.30(b). A defendant may be found partially eligible "[i]f a person's net financial resources and income anticipated prior to trial are in excess of the amount needed to provide the person and that person's dependents with the necessities of life and to provide the defendant's release on bond, but are insufficient to pay fully for retained counsel." § 210.40.40 (Partial Eligibility). In such a situation, "the judicial officer should find the person eligible for the appointment of counsel under the CJA and should direct the person to pay the available excess funds to the clerk of the court at the time of such appointment or from time to time thereafter." *Id.*

Here, Defendant has considerable income and assets. On average, Defendant's gross earnings are about $15,820.00 per month. (Financial Aff., ECF No. 1455). Further, Defendant recently earned a large referral fee, and has an interest in real property. (*Id.*). On the other hand, Defendant has incurred substantial debt, which he makes payments toward on a monthly basis. (*Id.*). Moreover, as a sole practitioner, he alone is responsible for the costs associated with operating his law firm (*e.g.*, rent, parking, filing fees, postage). Thus, although Defendant's monthly average earnings are in excess of $15,000.00, Defendant explains that he

---

[1] Guide to Judiciary Policy, Vol. 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 2: Appointment and Payment of Counsel, *available at* http://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-210-representation-under-cja.

is only "left with approximately $1,318.97 to $1,718.97, depending on the fluctuation of filing fees associated with his firm's revolving case load." (Obj. 5:47).

Upon review of Defendant's Objection, and updated Financial Affidavit, the Court finds that Defendant is partially eligible for CJA appointed counsel. When Defendant's self-reported monthly payments and total debt are compared to his approximate monthly income and assets, Defendant's financial resources and income are certainly in excess of what is needed to provide for Defendant and his family. However, Defendant's financial resources and income are insufficient to pay fully for retained counsel and support services. As indicated in Defendant's Objection, this is a RICO case that spans several years. Indeed, the case has been designated as complex, and discovery is voluminous. With this in mind, the full defense cost of this case will likely exceed Defendant's current financial resources. *See* CJA Guidelines § 210.40.30(b) ("Any doubts as to a person's eligibility should be resolved in the person's favor; erroneous determinations of eligibility may be corrected at a later time.").

In accordance with the Court's finding of partial eligibility, Defendant shall pay the sum of four hundred dollars ($400.00) per month for defense costs in this matter. The payment shall be made by check or money order to the Clerk of Court nuns pro tunc, effective February 7, 2019.[2] If, during the pendency of this case, Defendant's financial condition changes, he may petition the Court to adjust his monthly payment. A spreadsheet of the payments made shall be kept by the Clerk of Court[3] so a final assessment can be made at the conclusion of the case[4] pursuant to CJA Guideline § 210.40.30.

---

[2] February 7, 2019 is the effective date of the Report and Recommendation.

[3] Counsel is advised that CJA vouchers need not be adjusted for the amount being paid by Defendant because Defendant's payments will be deposited into the U.S. Treasury and credited to the Defender Services appropriation. CJA Guidelines § 230.40 (Payments by a Defendant).

[4] CJA Guideline § 210.40.30 recommends a final determination concerning the total amount available to pay for representation should be considered prior to sentencing and a Reimbursement Order shall be entered at the time

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Objection, (ECF No. 1517), is **SUSTAINED in part** and **OVERRULED in part**. Defendant's Objection is sustained as Defendant is partially eligible for CJA appointed counsel. Defendant's Objection is overruled in all other respects.

**IT IS FURTHER ORDERED** that Defendant shall pay the sum of four hundred dollars ($400.00) per month for defense costs in this matter. The payment shall be made by check or money order to the Clerk of Court.

**IT IS FURTHER ORDERED** that Judge Hoffman's Order, (ECF No. 1478), is **MODIFIED** in accordance with the foregoing.

**DATED** this __24__ day of June, 2019.

*NUNC PRO TUNC*: February 7, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

of sentencing. Subsection (e) explains that other income or after-acquired assets which will be received within 180 days after the date of the court's reimbursement order may be available as a source of reimbursement.